McKIBBEN v. SALINAS.

1. LIEN IN PARTITION—ASSESSMENT FOR EQUALITY.—The statutory lien
   imposed by the act of 1791 upon lands of an intestate sold for partition,
   did not attach to a portion of such lands, assigned to one of the dis-
   tributees, to secure the payment of a sum of money directed to be paid
   by him to another distributee.

2. PARTITION—CONDITIONAL ASSIGNMENT—ESTOPPEL.—A petition filed
   in the Probate Court in 1870 by all of the distributees of an intestate,
   they being adults, sought the partition of the lands of the deceased.
   Under these proceedings a tract of land was vested in A, conditionally
   upon the payment of a stated sum to the plaintiff· here, a co-distribu-
   tee. A, without payment of this sum, conveyed to B, who had full
   knowledge, and mortgaged to C, who purchased under this mortgage.
   *Held,* that neither A, B, nor C could question the proceedings in the
   Probate Court, and that their title was subject to plaintiff's right of
   payment.

3. EXTENT OF DECISION—PARTITION IN PROBATE COURT.—It does not
   follow that a question has been overlooked because not discussed in
   the opinion. Whether the provisions of the act of 1791 could be
   applied to proceedings for partition in the Probate Court, was neces-
   sarily involved in the decision of this case.

4. JURISDICTION—DEMURRER.—Whether the remedy here sought could
   be enforced in the Court of Common Pleas, or only in the original

cause in the Court of Probate, could not arise on this demurrer. It should have been raised by demurrer for want of jurisdiction.

5. LEAVE TO ANSWER.—Leave given by this court to defendant to answer over, his demurrer having been overruled on appeal.

6. PETITION FOR REHEARING refused.

Before WITHERSPOON, J., Marion, April, 1890.

This was an action by Henrietta C. McKibben against A. J. Salinas & Son, commenced December 21, 1889. The complaint alleged the death intestate of Neill Alford in 1866, possessed of several tracts of land ; that the heirs, being all adults, together with the husbands of the married women, joined in a petition to the Probate Court of Marion County in November, 1870, asking a partition of the said lands ; that commissioners in partition were appointed, who, *inter alia*, recommended that a tract of 177 acres ·be ᵤassigned to John D. Alford, and that he should pay $532.87 to this plaintiff ; that this return was confirmed and made the judgment of the Probate Court ; that afterwards J. D. Alford conveyed to James Berry, who had been a party to said proceedings and never disputed plaintiff's right to be paid out of this land ; that afterwards Berry mortgaged it to A. J. Salinas & Son, who sold under a power contained in the mortgage, and purchased, notice being given at this sale of plaintiff's claim.

The 9th and 10th paragraphs of the complaint were as follows:

IX. That no part of the said sum of five hundred and thirty-two dollars and eighty-seven cents, with the interest thereon from ·26th November, 1870, has ever been paid to the plaintiff, either by the defendants or by James Berry or by John D. Alford, or by any other party, and the whole amount is due to her, and is, as she respectfully submits, a lien on the said tract of land purchased by the defendants under the provisions of the act of the general assembly adopted in 1791 for the abolishment of the rights of primogeniture and other purposes ; but the defendants deny the existence of such lien and refuse to pay the plaintiff the amount due to her, or any part of the same.

X. The plaintiff further showeth unto your honor, that the title to the said tract of land, containing one hundred and seventy-seven acres, known as the "Murchison" land, only vested

conditionally in John D. Alford and his assigns upon the payment of the said sum of five hundred and thirty-two dollars and eighty-seven cents, with interest on the same from the twenty-sixth day of November, 1870, and neither the said John D. Alford nor the said James Berry nor the said A. J. Salinas & Son having paid the same, or any part thereof, the said 177 acres is still subject to the payment of the same.

The plaintiff demanded judgment, that said tract of land be ordered to be sold for the payment of the said sum of money assessed to be paid to her, with interest, &c.

The defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action.

The Circuit decree was as follows:

The defendants *demur* to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. This brings up two questions: Does the lien provided by act of 1791 exist in a proceeding for partition in the Probate Court? If it does, can the plaintiff enforce it by a separate proceeding in this court?

Assuming even that the legislature could confer upon Probate Courts the "jurisdiction of all petitions for partition of real estate when no dispute exists in relation to the title thereof," or that if it could not confer such jurisdiction, the exercise of it would be sustained on the doctrine of *communis error facit jus*, this by no means leads to the inference that the statutory lien provided by act of 1791 is incident to a partition in the Probate Court. This statutory lien is not a necessary incident of partition, for there can be no doubt that partition can be made and the rights of all parties fully preserved by the order of the court without the statutory lien. The lien is not, therefore, to be inferred merely from the jurisdiction to partition.

Suppose, for instance, the act of 1791 had gone no further than to authorize the Court of Equity or Common Pleas to issue a writ of partition, etc., and had left out the words "and the person or persons, on the payment of the consideration, shall be vested with the estate so adjudged to them as fully and absolutely as the ancestor was vested," the law could have been very conveniently administered, as it has in fact been in every

other State in the Union, and is now in this State. The juris-
diction to partition real estate, not exceeding in value one thou-
sand dollars, was conferred on the ordinary, but it would not be
a tenable position to hold that a lien would exist in a partition
made by the ordinary, when the terms of the Statute of 1791
applies it only to the *Court of Equity and the Court of Com-
mon Pleas*, which were courts of general jurisdiction, distinctive
in name and jurisdiction.

The act of 1791 affords another illustration of the principle
stated. It provides that "any person, &c., who shall have
arrived at the age of twenty-one years, or be married," may
apply to the *Court of Equity or Common Pleas* for partition.
Now, if the statutory lien is an incident of all partition by any
court thereafter provided by the legislature, why is not the pro-
vision that the party petitioning must be either twenty-one or
married also a necessary incident to the filing of a petition for
partition? The act of the legislature providing for partition in
the Courts of Equity and Common Pleas provides for the statu-
tory lien, the act providing for partition in the Court of Probate
does not provide for it, and it cannot be extended to partition in
the latter court, unless it is a necessary incident of any partition,
and this is certainly not the case.

Again, the Court of Probate is a court of limited jurisdiction,
and no incident of jurisdiction is to be inferred, unless necessary
to the exercise of the limited jurisdiction conferred on it. It is
worthy of remark, too, that Probate Courts are not by the stat-
utes vested with general jurisdiction in partition, but special,
limited jurisdiction in those cases where the title is not in dis-
pute. The act of 1791 did not apply to partitions generally,
but only to partition of estates of deceased persons. It there-
fore seems clear that the act of 1791 applied only to a particu-
lar class of partition cases in particular courts, and there is no
ground to extend its special provisions to partition cases in a dif-
ferent court.

It has been often held that when the lien here claimed by the
plaintiff is set up, being a creature of statute, express statutory
warrant must be shown for it. *Allen* v. *Richardson*, 9 Rich.
Eq., 54; *Brown* v. *Coney*, 12 S. C., 149; especially as it is

.a secret lien, of which no notice by recording is necessary. Probate Courts, as was held in *Davenport* v. *Caldwell*, 10 S. C., 349, never had jurisdiction in partition. It is true that partitions actually made in that court have been held to be valid, on the ground that the erroneous practice of making partition in that court was very common, if not universal, and the public interest would be very injuriously affected by disturbing such partitions. It is contended on this authority that the statutory lien is an incident of such partition and should be held to exist whenever the partition can be sustained. But, as we have seen, the lien is not an incident of any partition, unless expressly so made by statute. Besides, I am not aware, and no case has been brought to my attention, which tends to show that there was any general reliance on the statutory lien of 1791 in the practice in the Probate Court. It does not seem to me that the doctrine *communis error facit jus* can be made to apply at all to this case.

The Probate Court is a court of limited jurisdiction, and I cannot by inference bestow upon its proceedings in partition cases a lien for money assessed for equality of partition, simply because such lien by a special statute was provided in special cases in the Courts of Equity and Common Pleas, courts of general jurisdiction. As I regard these views conclusive of the case, it is not necessary to consider whether the plaintiff should have proceeded under the original case in the Probate Court instead of bringing a separate action in this court.

It is, therefore, ordered, adjudged, and decreed, that the demurrer be sustained and the complaint dismissed with costs.

The defendant appealed on the following grounds: I. Because his honor erred in sustaining the demurrer of the defendants and dismissing the complaint, and in holding that the provisions of the act of 1791 did not apply to lands divided by proceedings in the Probate Court. II. Because his honor erred in ruling that though the proceedings in the Probate Court for the partition of the land of the estate of Neill Alford were valid and binding, yet the provisions of the act of 1791, protecting parties getting no land, do not apply so as to protect the rights of the plaintiff in this case. III. Because his honor erred in not holding that the said lien existed in all cases of the partition of the lands of

intestates in the Probate Court as well as other courts of the State.

*Messrs. Johnson & Johnson,* for appellant.

*Mr. C. A. Woods,* contra.

April 21, 1892. The opinion of the court was delivered by

Mr. Justice Pope. The first question underlying this appeal is whether under proceedings for partition had in the Probate Court between the heirs at law of an *intestate,* whereby certain lands of said intestate being assigned to one of such heirs at law upon the condition that a certain sum of money be paid to another of such heirs at law for the purposes of equalization of their respective shares, the statutory lien under the act of 1791 can be invoked to render the tract of land so assigned pledged for the payment of the sum of money necessary to such equalization.

We are compelled to hold, in the form in which the question is presented, that no such statutory lien exists. In the seventh section of the act of 1791 it is provided that in the event the commissioners appointed to make partition cannot partition the same amongst the parties legally entitled thereto in kind, in that event "they shall make a special return of the whole property and the value thereof, truly appraised, and certify their opinion to the court whether it will be most for the benefit of all parties to deliver over to one or more of the parties interested therein the property which cannot be fairly divided, upon the payment of a sum of money to be assessed by the said commissioners, *or to sell the same at public auction;* and the court shall proceed to consider and determine the same; and if it shall appear to the court that it will be for the benefit of all the parties interested in the said estate, that the same shall be vested in one or more persons entitled to a portion of the same on the payment of a sum of money, they shall determine accordingly; and the said person or persons, *on the payment of the consideration money,* shall be vested with the estate so adjudged to them as fully and absolutely as the ancestor was

vested.    But if it shall appear to the court that it would be more for the interest of the parties that the same shall be sold, then they shall direct a sale to be made, on such a credit and on such terms as to them shall seem right ; *and the property so sold shall stand pledged for the payment of the purchase money."*    In the case at bar the lands of Neill Alford, who died intestate in 1866, were partitioned in the Probate Court for Marion County in 1870 amongst his heirs at law by assigning the lands to certain of such heirs, assessing a sum of money, to be paid to the plaintiff, who was one of them, and who received no lands.    No lands were sold to procure partition.    The act of 1791 provides such lien only in case of *sales.*

*The second question.*    However, the respondents here, when they interposed their oral demurrer. that the complaint did not state facts sufficient to constitute a cause of action, admitted the facts as set out in the complaint to be true.    The complaint does not stop at claiming a specific lien or pledge of such lands to pay plaintiff's claim ; it alleges, further, that the 177 acres of land, the subject of this controversy, only vested in John D. Alford upon the express condition that he should pay to her the sum of $532.87, with interest thereon from the 26th November, 1870, and we think, in this position, the plaintiff, appellant, is right.    *Harris* v. *Gooch,* 5 Rich., 1.    Let the facts be understood.    All the heirs at law of Neill Alford were before the court, and all adults.    Commissioners in partition were appointed and, under oath, made their return.    By the return an equality in kind by partition could not be had, and therein such commissioners recommended that the parcel of land now in the possession of defendants should be assigned to John D. Alford upon the condition that he pay the plaintiff $532.87, both being heirs at law.    This return. was, by decretal order, confirmed.

By law John D. Alford could not have a title to said land without paying to the plaintiff that sum, under the allegation of this complaint, for he has no other title than the partition proceedings confer.    When he conveyed such lands to James Berry in January, 1877, the said Berry knew of plaintiff's rights, and never denied the same.    He mortgaged the land to Salinas &

Son in July, 1877, and on the 4 February, 1879, they purchased the same under foreclosure of such mortgage. It does not lie in the mouth of Salinas & Son or their mortgagee or John D. Alford to raise any question as to the powers of the Probate Court, either jurisdictionally or as to the binding efficacy of its decree ; the first is a privy of the last two. who were themselves parties to such suit, and when Salinas & Son bought this land at the foreclosure sale, they were notified of plaintiff's rights in such land. · Judge Witherspoon's decree sustaining the demurrer was erroneous, and must be reversed.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, and that the action be remanded to the Circuit Court for such further proceedings therein as may be necessary under the principles announced in the opinion of this court.

The defendant filed a petition for the rehearing of this case, the grounds whereof sufficiently appear in the order endorsed upon said petition, which was filed June 2, 1892,

PER CURIAM. After a careful examination of the petition, we are unable to see that any material fact or important principle has either been overlooked or disregarded. It does not, by any means, follow that a question which is not specially stated and distinctly argued in the opinion has been overlooked. In this case the question, whether the provisions of the act of 1791 could be applied to proceedings for partition in the Court of Probate, was necessarily involved in the conclusion reached by the court. and although not specifically discussed, must be regarded as decided.

The other ground taken in the petition—that this court failed to consider the question whether the plaintiff could enforce the remedy which she claimed by a separate action in the Court of Common Pleas, or whether she was not bound to pursue the same in the Court of Probate—could not arise upon a demurrer upon the ground that the complaint does not state facts sufficient to constitute a cause of action, but should have been raised by demurrer for want of jurisdiction in the Court of Common Pleas.

The opinion rendered by this court was not intended to pre-

clude, and does not, in our judgment, prevent, the defendants from applying to the Circuit Court for leave to answer over; and, in order to remove any doubt upon this subject, the respondents are hereby permitted to apply to the Circuit Court for leave to answer over.

The petition is therefore dismissed.